IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENDALL PACKER, #225225, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-628-MHT |
| | ) | |
| ALA. DEPT. OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Kendall Packer ("Packer"), an inmate incarcerated at the J. O. Davis Correctional Facility, filed this 42 U.S.C. § 1983 on August 31, 2015. In the instant complaint, Packer challenges the constitutionality of his classification as a restricted offender upon his placement into the custody of the Alabama Department of Corrections in September of 2002. Packer did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. *Application to Proceed Without Prepayment of Fees - Doc. No. 3*. In support of this request, Packer provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Packer and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Packer owed an initial partial filing fee of $26.39. *Order of September 15, 2015 - Doc. No. 4 at 1-2*.

The court therefore ordered that Packer pay the initial partial filing fee on or before September 30, 2015. *Id*. at 2. In addition, this order specifically informed Packer "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**." *Id*. (emphasis in original). The order also "advised [Packer] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3. Moreover, the court specifically cautioned Packer that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

Based on a response filed by Packer on October 8, 2015, the court granted him additional time, i.e., until November 2, 2015, to file the initial partial filing fee. *Order of October 13, 2015 - Doc. No. 7*. Packer, however, failed to pay the initial partial filing fee within the time allowed by the aforementioned order. Consequently, the court issued an order that Packet show cause on or before November 18, 2015 why he had filed to pay the requisite fee in compliance with the orders issued in this case. *Order of November 5, 2015 - Doc. No. 8*.

Packer has filed no response to the recent show cause order nor has he paid the initial partial filing fee. The court therefore concludes that this case is due to be dismissed. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been

forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 17, 2015**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also*

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 3rd day of December, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE